**ORDERED.**

Dated: December 14, 2010

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SHAWN D. BARRON and | ) | 4:10-bk-28871-EWH |
| KERRY G. BARRON, | ) | |
| | ) | **MEMORANDUM DECISION** |
| Debtors. | ) | |
| | ) | |

## I. INTRODUCTION

On December 7, 2010, the court conducted a number of hearings on reaffirmation agreements ("Reaffirmation Hearing"), including this case where a pro se motion to approve a reaffirmation agreement ("Reaffirmation Agreement") on a 2005 Chevy Avalanche ("Avalanche") was filed by the creditor. For the reasons explained below, this court will no longer conduct reaffirmation hearings in cases where a debtor is represented by counsel, even if the reaffirmation agreement contains a checked box indicating that the debtor was not represented by counsel in the negotiation of the agreement. The only exception will be those cases involving undue hardship, as that term is defined in 11 U.S.C. § 524(m).

## II. FACTS

The Debtors filed their Chapter 7 petition on September 9, 2010. They were represented by the law firm of Udall Shumway & Lyons PLC ("Counsel"). On that same date, Debtors filed their Statement of Intention indicating that they intended to retain the Avalanche and reaffirm the debt it secured. The Debtors' meeting of creditors was set for November 5, 2010. On October 8, 2010, the Reaffirmation Agreement was filed by GMAC's agent, Ally Financial. The Disclosure of Compensation of Attorney for Debtor filed on September 9, 2010 indicates that Counsel included "preparation and filing of reaffirmation agreements and applications as needed" in its scope of representation. Notwithstanding the above statements, the Reaffirmation Agreement indicates that Counsel did not represent the Debtors during the reaffirmation negotiations, and Counsel did not execute a certification in support of the Reaffirmation Agreement. At the Reaffirmation Hearing, however, Shawn Barron stated that Counsel had assisted the Debtors with the reaffirmation negotiations for the Avalanche.

## III. ISSUES

1. Does the court have jurisdiction to consider a reaffirmation agreement where debtors are represented by counsel and there is no presumption, under 11 U.S.C. § 524(m), that the reaffirmation agreement will create an undue hardship for the debtors or their dependents?

2. What is the effect of a lawyer's failure to execute the certification of 11 U.S.C. § 524(k)(5)?

## IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(O).

## V. DISCUSSION

A. Scope of Chapter 7 Representation

In the past, this court has permitted represented Chapter 7 debtors to seek approval of reaffirmation agreements filed "in pro se." The court did so based on the assumption that counsel could properly exclude or "unbundle" representation regarding reaffirmation agreement from their representation of Chapter 7 debtors. However, the vast majority of courts that have considered the issue have found such exclusions to be improper. Those courts found that the decision to reaffirm an otherwise dischargeable debt plays such a critical role in the bankruptcy process that representing clients in reaffirmations must be counted "among the necessary services that make up competent representation of a Chapter 7 debtor." In re Minardi, 399 B.R. 841, 848 (Bankr. N.D. Okla. 2009); In re Collmar, 417 B.R. 920, 921 (Bankr. N.D. Ind. 2009). See also In re Perez, 2010 WL 2737187, at *3 n.5 (Bankr. D.N.M. 2010) (collecting cases).

To the extent Counsel believed that it was permissible to withdraw from representing the Debtors because Counsel disagreed with the Debtors' decision to reaffirm the debt on the Avalanche, Counsel was mistaken. Counsel simply cannot unilaterally withdraw from the reaffirmation process and abandon the client even if counsel and their clients disagree.[1] In re Isom, 2007 WL 2110318, at *2 (Bankr. E.D.

---

[1] Representing a debtor during the course of the negotiation of a reaffirmation agreement should include counseling the debtor in regards to 11 U.S.C. § 521(a)(2), advising

3

Va. 2007). Furthermore, there has been no order entered in this case permitting counsel to withdraw.

B. <u>The Enforceability of a Reaffirmation Agreement for a Represented Debtor</u>

Under 11 U.S.C. § 524(c), the requirements for a reaffirmation agreement to be enforceable with respect to a represented debtor are:

> (1) such agreement was made before the granting of the discharge under section 717, 1141, 1228 or 1328 of this title;
>
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
>
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection which states that
>
>> (A) such agreement represents a fully informed and voluntary agreement by the debtor;
>>
>> (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
>>
>> (C) the attorney fully advised the debtor of the legal effect and consequences of-
>>
>>> (i) an agreement of the kind specified in this subsection; and
>>>
>>> (ii) any default under such an agreement;
>
> (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim[.]

---

the debtor with respect to the matters described in 11 U.S.C. § 524(c)(3)(A) and (C), working with the debtor to complete the reaffirmation agreement and assisting the debtor with respect to any negotiations with the creditor. <u>In re Perez</u>, 2010 WL 2737187, at *3. Based on statements made by Shawn Barron at the Reaffirmation Hearing, Counsel appears to have done that.

4

11 U.S.C. § 524(c).

The Bankruptcy Code does not offer a mechanism for the court to independently approve a reaffirmation agreement under circumstances in which a debtor's attorney has not executed the declaration required by 11 U.S.C. § 524(c)(3). As the Isom court noted:

> Only in a case concerning an individual who is not represented by an attorney during the course of negotiating an agreement under § 524(c) does the court have the authority to approve such an agreement. In cases where the debtor has counsel, Congress has not authorized the bankruptcy court to substitute its judgment in the place of debtor's counsel in order to render a reaffirmation agreement enforceable.

2007 WL 2110318, at *2 (emphasis in the original).

In short, the failure of counsel to endorse Part C of the form of reaffirmation agreement provided for in § 524(k)(5) *by itself* renders the agreement unenforceable.

C.  Impact of an Unenforceable Reaffirmation Agreement

Counsel's refusal to endorse Part C of the Reaffirmation Agreement does not necessarily trigger the consequences of 11 U.S.C. § 521(d) of the Bankruptcy Code.[2] As this court noted in its decision In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007), where, as here, the debtors have done everything required of them by 11 U.S.C. §§ 362(h) and 521(a) by timely filing their Statement of Intention indicating that they wish to reaffirm the debt and timely entering into a reaffirmation agreement, then § 521(d) of the Bankruptcy Code is inapplicable.

---

[2] Section 521(d) can be broadly summarized as providing that so-called "*ipso facto*" contract clauses remain enforceable against debtors who have failed to timely file their statement of intention and timely enter into a reaffirmation agreement.

5

## VI. CONCLUSION

Because the Debtors were represented by Counsel, this court has no jurisdiction to review the Reaffirmation Agreement which is unenforceable because of the failure of Counsel to execute Part C of the Reaffirmation Agreement. Even though the Reaffirmation Agreement is unenforceable, the creditor may not repossess the Avalanche without violating the automatic stay and/or the discharge injunction, unless there is a post-discharge payment or insurance default.

Dated and signed above.

Notice to be sent through the Bankruptcy
Noticing Center "BNC" to the following:

Shawn D. Barron
Kerry G. Barron
2907 West Jasper Butte Drive
Queen Creek, AZ  85142

Matthew Lee White, Esq.
Udall Shumway & Lyons PLC
30 West First St.
Mesa, AZ  85201
Attorneys for Barron

John Murray
Ally Financial
PO Box 130424
Roseville, MN  55113-0004

Mark S. Bosco, Esq.
Tiffany & Bosco P.A.
2525 East Camelback Rd., Suite 300
Phoenix, AZ  85016
Attorneys for Wells Fargo Bank, N.A.

Gayle Eskay Mills
PO Box 36317
Tucson, AZ  85740

Office of the U.S. Trustee
230 North First Ave., Suite 204
Phoenix, AZ  85003